FLETCHER, Judge.
Gaston Rey Alvarez and others have petitioned this court for a writ of prohibition, seeking to prevent their prosecution, arguing that the applicable statute of limitations has expired. The State responds that the limitations period has been extended by statute, thus the action is timely. We agree with the State and deny the petition.
Alvarez and the other petitioners have been charged with violations of section 838.016(1), Florida Statutes (1995), which reads:
“(1) It is unlawful for any person corruptly to give, offer, or promise to any public servant, or, if a public servant, corruptly to request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law, for the *238 past, present, or future performance, non-performance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. Nothing herein shall be construed to preclude a public servant from accepting rewards for services performed in apprehending any criminal.”
Basically the petitioners stand accused of giving unlawful compensation to a public servant, for which the statute of limitations period is three years.[1] The State conceded that more than three years had passed pursuant to the limitations statute, but opposed the petitioners’ motions to dismiss by relying on the extension period established by Section 775.15(3)(a), Florida Statutes (1995).[2] This statute permits prosecution of the petitioners if a material element of the charged offense of unlawful compensation is either fraud or a breach of fiduciary obligation (the extension period otherwise being met).
It seems quite clear that when a public servant’s performance of his public duty is corruptly “bought” as contemplated by Section 838.016(1), then a fraud[3] has been committed on the members of the public who have the right to expect their public servants to perform their public duties uninfluenced by such actions. As the corrupt “purchase” and the involvement of a public servant must be proven as elements of the crime, and as the “purchase” and the public servant’s involvement amount to fraud, fraud is necessarily a material element of the charged offense.
We also observe that a public servant stands in a special relationship of trust and responsibility to the public, which rightly expects the public servant to perform in the public’s best interest. As the prosecution must prove as material elements the individual facts that add up to the fiduciary[4] relationship (the involvement of a public servant who violates, or is called upon to violate, her or his duty owed to the public), a breach of a fiduciary obligation is of necessity a material element of the offense.
As a consequence we conclude that the provisions of section 775.15(a) have been met and the prosecutions are therefore not time barred. The petition for a writ of prohibition is denied.

. Section 838.016(4), Florida Statutes (1995) made the offense a felony of the third degree. Section 775.15(2)(b), Florida Statutes (1995) established the three-year limitations period for third-degree felonies, inter alia.

. This statute provides in pertinent part:
"(3) If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
(a) Any offense, a material element of which is either fraud or a breach of fiduciary obligation, within 1 year after discovery of the offense ... but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.”

. " ‘Fraud’ is a deception deliberately practiced in order to secure ... gain.” The American Heritage Dictionary of the English Language (1979).

. A fiduciary is a person who stands in a special relationship of trust, confidence, or responsibility in his obligation to others. Id. As "fiduciary” and “fraud” are neither ambiguous nor defined by or for the statute in question, we have used standard dictionary definitions as called for by the plain meaning rule. See Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987).